**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CRIMINAL ACTION NO. 17-54-DLB-MAS-1**

**UNITED STATES OF AMERICA**                                  **PLAINTIFF**

**v.**                    **<u>MEMORANDUM ORDER</u>**

**TRONTEZ MAHAFFEY**                                          **DEFENDANT**

\* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*  \* \*

This matter is before the Court on Defendant Trontez Mahaffey's *pro se* Motion for Compassionate Release.  (Doc. # 152).  The United States has filed its Response (Doc. # 154), Defendant has filed his Reply (Doc. # 155), and the Motion is accordingly ripe for review.  For the following reasons, Defendant's Motion is **denied**.

    **I.**     **FACTUAL AND PROCEDURAL BACKGROUND**

On December 14, 2017, a federal grand jury returned an Indictment charging Defendant with (i) one count of conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and (ii) two counts of possession with the intent to distribute the same amount of methamphetamine as an aider and abettor in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  (Doc. # 1).  Defendant proceeded to trial, and on January 30, 2019, a jury found him guilty of all counts in the Indictment.  (Doc. # 85).  He was sentenced to a term of imprisonment of 120 months to be followed by a 5-year term of supervised release.  (Doc. # 127).  Defendant is 29 years

old and is currently housed at FCI Danbury in Connecticut. His anticipated release date is July 23, 2027. *See Inmate Locator: Trontez Mahaffey*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited July 3, 2025).

Defendant seeks either a reduction in his sentence or compassionate release pursuant to 18 U.S.C. § 3582(c). (Doc. # 152). He cites an alleged claim of excessive force and personal health factors as the basis for the Motion. (*See id.*).

## II.    STANDARD OF REVIEW

A criminal defendant is permitted to file a motion for compassionate release only after "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [the ("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). If exhaustion is demonstrated, the Court may proceed to consider the merits of the motion.

Typically, "[a] court may grant compassionate release when it finds three requirements are satisfied." *United States v. McCall*, 20 F.4th 1108, 1111 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020)). First, the court must "find that extraordinary and compelling reasons warrant a sentence reduction." *Id*. (internal quotation marks and bracketing omitted). "Second, the court must find that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (internal quotation marks and bracketing omitted). Third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the

particular circumstances of the case."  *Id.* (internal quotation marks and bracketing omitted).

Regarding step two, "the Sixth Circuit previously held that § 1B1.13 [of the United States Sentencing Guidelines ("U.S.S.G.") was] inapplicable to compassionate-release motions filed by the prisoner (as opposed to motions filed by the Director of the Bureau of Prisons)."  *United States v. Partin*, Criminal Action No. 6:17-CR-070-CHB-4, 2024 WL 420110, at *2 (E.D. Ky. Feb. 5, 2024) (citing *Jones*, 980 F.3d at 1109-11).  Thus, in cases involving defendant-filed motions like this one, district courts were once permitted to "skip step two of the § 3582(c)(1)(A) inquiry and [had] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13."  *Id.*  However, the Sentencing Commission recently amended the policy statement at § 1B1.13 to clarify that it "applies to defendant-filed motions."  *Id.*; *accord United States v. Clark*, 5:21-cr-84-1, 2023 WL 8374528, at *2 (N.D. Ohio Dec. 4, 2023).  This amendment went into effect on November 1, 2023.  *See Partin*, 2024 WL 420110, at *2.

"[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).  The defendant bears the burden to show that he has exhausted his administrative remedies and is entitled to compassionate release.  *United States v. McDonald,* No. 94-cr-20256-1, 2020 WL 3166741, *3 (W.D. Tenn. June 8, 2020).

3

### III.     ANALYSIS

#### A.     Exhaustion of Administrative Remedies

In his Motion, Defendant claims to have exhausted his administrative remedies. (Doc. # 152 at 1). In support, Defendant states that he requested early release from the warden at his institution on May 4, 2023, but has yet to receive a response. (*Id.*). Defendant attaches to his Motion a filled-out form requesting compassionate release addressed to the warden and detailing the basis for his requested relief. (Doc. # 152-1).

In its Response, the United States contests whether Defendant has exhausted his administrative remedies. (Doc. # 154 at 4). Specifically, the United States claims that "there is no evidence that [Defendant's] request was submitted to, or received by, the BOP." (*Id.*). In support, the United States notes that it requested and received records from the BOP which indicate that Defendant never submitted his compassionate release request to the warden. (*Id.*). Indeed, the United States attaches to its Response an email from a BOP representative stating that Defendant "has not requested a RIS."[1] (Doc. # 154-1). Defendant further claims to have exhausted his administrative remedies in his Reply. (Doc. # 155).

Based on the email produced by the United States, Defendant does not appear to have exhausted his administrative remedies. And upon review, Defendant does not adequately show that he has exhausted his administrative remedies in his Motion or Reply. As indicated above, it is Defendant's burden to prove exhaustion. *McDonald*, 2020 WL 3166741, *3. Based upon the above, and considering the email produced by

---

[1]     The Court understands "RIS" to stand for "reduction in sentence."

4

the United States, Defendant has failed to meet his burden. Defendant's Motion is accordingly **denied**.

### B.     Extraordinary and Compelling Reasons

Although Defendant's Motion has been denied due to his failure to exhaust administrative remedies, the Court will nevertheless address the Motion on the merits. A district court may only reduce a defendant's sentence if (i) the defendant is at least 70 years old and has served at least 30 years in prison or (ii) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Because Defendant does not qualify under the former criteria, he must show an extraordinary and compelling reason for compassionate release. Defendant proffers two reasons for a reduced sentence. The Court will address them in turn.

#### *1.     Excessive Force*

Defendant first claims that he was subject to excessive force while incarcerated which caused him "to lose total vision in [his] right eye." (Doc. # 152 at 1). Regardless of its merits, this claim is procedurally improper. As the Sixth Circuit has held, "all post-conviction excessive force claims are to be raised exclusively under the Eighth Amendment's cruel and unusual punishment clause." *Pelfrey v. Chambers*, 43 F.3d 1034, 1036-37 (6th Cir. 1995) (internal quotation marks omitted). And "compassionate release is not the proper vehicle for a claim under the Eighth Amendment." *United States v. Villarreal*, No. 3:11-cr-00083-4, 2025 WL 818181, at *7 n.12 (M.D. Tenn. Mar. 13, 2025) (citing *United States v. Phillips*, No. 21-6068, 2022 WL 1112770, at *3 (6th Cir. Apr. 14, 2022)). For these reasons, Defendant's first proffered extraordinary and compelling reason is rejected.

### 2. *Vision Problems*

Defendant next claims that his vision problems constitute an extraordinary and compelling reason for compassionate release. (Doc. # 155 at 2). In support, Defendant claims that he "cannot properly get the medical care [he] needs" for his vision while in prison. (*Id.*).

Section 3582(c)(1)(A) does not define 'extraordinary and compelling reasons.'" *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). However, as discussed above, the amended policy statement at § 1B1.13 of the U.S.S.G. now applies to defendant-filed motions. In pertinent part, the policy statement provides that extraordinary and compelling reasons for early release exist where:

> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover[; or]
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)—(C).

Upon review, Defendant provides no proof that he is suffering from a serious medical condition, that his condition has diminished his ability to provide self-care, or that, without specialized medical care, he is at risk of serious deterioration of his health.

Indeed, apart from alleging his vision problems, Defendant provides no evidentiary support for their existence or severity. He has accordingly failed to adequately demonstrate an extraordinary and compelling reason for early relief based on his alleged vision problems. *See United States v. Jones*, No. 4:17-cr-00524, 2023 WL 3791547, at *4 (N.D. Ohio June 2, 2023) (denying compassionate release motion based on health conditions where the defendant "gives no proof that the Bureau of Prisons has failed to adequately care for these conditions."); *see also United States v. Black*, No. 5:18-cv-00646-1, 2020 WL 1930149, at *3 (N.D. Ohio Apr. 21, 2020) (denying compassionate release motion where the defendant "offer[ed] no proof, such as medical records, that would substantiate [his] claim."). Accordingly, Defendant's second and final proffered extraordinary and compelling reason is rejected.

Based on the above, the Court concludes that Defendant has failed to show an extraordinary and compelling reason warranting his requested relief. His Motion is therefore also **denied** on this basis.

### C. Section 3553(a) Factors

Defendant's Motion is separately **denied** under the Court's analysis of the § 3553(a) factors. In accordance with 18 U.S.C. § 3553(a), the Court must analyze "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as what the Sixth Circuit has summarized as "the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law." *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020).

Defendant is serving a 120-month sentence for conspiring to possess—and possessing with the intent to distribute as an aider and abettor—500 grams or more of a

7

mixture or substance containing a detectable amount of methamphetamine. This is a serious offense. To date, Defendant has more than two years left to serve on his original sentence. In the Court's view, to release Defendant now would create, not avoid, an unwarranted sentencing disparity, would diminish the seriousness of his crime and would not deter criminal activity or protect the public. Consideration of the section 3553(a) factors weighs against releasing Defendant prior to the expiration of his term of imprisonment.

### IV.  CONCLUSION

Compassionate release is an extraordinary remedy. *See United States v. Flenory*, 841 F. App'x 971, 972 (6th Cir. 2021). Such remedy is unavailable here, as Defendant has not exhausted administrative remedies or demonstrated extraordinary and compelling reasons for his release and that consideration of the sentencing factors in 18 U.S.C. § 3553(a), individually and collectively, do not support his early release. Accordingly,

**IT IS ORDERED** that Defendant Trontez Mahaffey's *pro se* Motion for Compassionate Release (Doc. # 152) is **DENIED**. The Clerk shall send a copy of this Order to the Defendant at FCI Danbury, Federal Correctional Institution, Route 37, Danbury, CT 06811.

This 3rd day of July, 2025.



Signed By:
<u>David L. Bunning</u>  *DB*
Chief United States District Judge